959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
L. David GRABLE; Valeria A. Grable; Warren Grable,
Defendants-Appellants.
 No. 91-1784.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se Michigan residents appeal the district court's order granting judgment on behalf of the United States of America under Fed.R.Civ.P. 56(c). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984 the United States Tax Court found L. David Grable and Valerie A. Grable to have income tax deficiencies of over $36,000. In October 1986, the Internal Revenue Service (IRS) seized the Grables' real estate to satisfy their tax liability. A tax sale was conducted in February 1987. The certificate of sale was ultimately purchased by Warren Grable, the Grables' son.
 
 
 3
 The United States filed a civil action in December 1989 seeking a judgment as to the outstanding assessment and the foreclosure of the tax lien on the Grables' real estate. The district court granted summary judgment for the United States. The Grables have filed this timely appeal contending the district court erred: 1) by failing to afford them discovery before granting summary judgment; 2) by ruling that the doctrine of res judicata prevented them from challenging the government's notice and demand process; 3) by considering evidence which did not comply with Fed.R.Evid. 1004; and 4) by ordering their property sold. The government has requested sanctions on appeal.
 
 
 4
 We review a grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Although summary judgment should not ordinarily be granted before discovery has been completed, Tarleton v. Meharry Medical College, 717 F.2d 1523, 1535 (6th Cir.1983), under the particular facts of this case, the Grables' discovery request constituted a "fishing expedition" intended to delay the inevitable outcome of the district court's proceeding. See Emmons v. McLaughlin, 874 F.2d 351, 356-57 (6th Cir.1989). As a result, the district court did not commit reversible error.
 
 
 6
 Since the Grables argued the notice and demand question before the United States Tax Court, the doctrine of collateral estoppel bars further litigation of this issue. Montana v. United States, 440 U.S. 147, 153-54 (1979). The Grables' evidentiary and jurisdictional arguments are meritless.
 
 
 7
 Accordingly, we deny the government's request for sanctions and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.